Kelsey, you may proceed when you're ready. Good morning. May it please the court? Assistant Federal Defender Lee Tucker for Petitioner Anthony James Merrick. I will reserve two minutes for rebuttal. I'll keep an eye on the clock. Your Honors, before we get into the details, I wanted to give you an addendum to the 28-J letter filed Tuesday in response to the court's question about whether EDPA deference might apply in this case. In the 28-J, we indicated correctly that there has never been a review or decision on the merits here. I did want to point out that the Arizona Court of Appeals, which, excuse me, had it raised, completely ignored it. The Arizona Supreme Court, in response to Mr. Merrick's petition for review, explicitly denied review of the double jeopardy issue. So, it did not grant review and deny relief. It just denied review. And so, we are still left in a situation where EDPA deference does not apply because there has never been a consideration of this on the merits by the state courts. If we're reviewing this de novo, are we bound by the same standard that the Arizona courts would be? Would we step into their shoes, which means that it would be plain error review? No, Your Honor. We're reviewing this. It's a federal question of constitutional construction. It's purely de novo review. Whether or not the convictions for theft of a credit card under 13-2102 are multiplicitous to the theft conviction under 13-1802. Thank you. So, Mr. Merrick asked the court to hold that they are multiplicitous. I'd like to go back to the Johnson issue because I don't see why the Johnson presumption does not apply. Johnson says that when you have a decision that addresses the merits of some issues and omits one, then it's presumed that it rejected all of them on the merits. So, that's rebuttable. And one of the reasons it gives for that rule is that the presentation of the issue may have been in passing and it may be viewed as insubstantial. And certainly, the in passing applies here. So, one of the rationales for the Johnson presumption would seem applicable. I don't see why it wouldn't apply here. I disagree, Your Honor. The cases cited in Johnson v. Williams as instances of a fleeting reference that failed to present the matter adequately involve situations where, for example, the matter was raised in one sentence in a footnote or in one phrase without any reference to the legal standard at issue. And here, we don't have that. Here, we have not the most comprehensive presentation to the Arizona Court of Appeals that one might have wished for, but a direct presentation that these counts were multiplicitous and that that multiplicity violated the due process clause. Johnson doesn't say that only in those three circumstances does this presumption apply so that you have to fit within one of those three. It gives those as three illustrative reasons for why this, the Richter rule, should extend into the partially decided, partially not mentioned scenario. Correct, Your Honor. That's not an exhaustive list, but our case doesn't fit with any of those three. And if one looks at the purpose of the double jeopardy clause, our case fits squarely within that. Here, we have an adjudication. Here, we have convictions that are based without dislike. There is no factual or procedural dispute here. These convictions were all based on the same acts, the same evidence, the same arguments entirely. And there's no indication whatsoever that the Arizona legislature intended for someone to be consecutive multiple times for the same offense. What we do know is that the Arizona courts never addressed this. So we are not asking this court to encroach on the Arizona courts. We have given them all deference due, and consideration of this would both acknowledge the very important right at issue here and also would not harm the end result. It would not change the sentencing outcome. It would change the fact of the multiple convictions for the same acts. Counsel, I have a related question. I know you want to get to the merits, and I'm sorry. We may give you a little more time in this case, but the district court here and the magistrate court here in doing the analysis that Judge Collins was mentioning cited this case called Purtle, which is from 2002. And there's been a lot of water under the bridge on whether an issue receives ed pedeference or not since 2002. Have any of the courts before this court analyzed the question applying the cases that Judge Collins just mentioned, like Collins or Richter? Your Honor, not that I have seen. However, I will acknowledge that because neither party nor the district court ever thought that ed pedeference would apply here. It was not until Monday afternoon when I got the request for additional briefing that I started to look into this. So I'll be happy to provide additional briefing after argument to answer that question. Okay. Thank you. Thank you. Going back to the merits, so the state did not argue before the district court on the issue of double jeopardy. The district court denied relief on its erroneous conclusion that there was a difference between the theft statute and the credit card theft statute in one regard, that the theft statute requires a taking without lawful authority, whereas the credit card theft statute requires a taking without consent. As we explained in the opening brief and as the state concedes, that is an erroneous conclusion. Those phrases do not carry distinct meaning. But even if the phrases would be the same, I mean, and the offenses would be the same if applied to the same conduct, aren't there enough gift cards to go around to cover both counts so that you only need eight for the theft to get to the particular level? And then there's plenty left for the other counts. So it's not clear that it's resting on the same conduct. Yes, Your Honor, that's the state's partial overlap theory, which it raised for the first time before this court. We, of course, argue that is waived, as well as their other theory, which is that the theft count as charged added an additional element because it included the floor of $4,000 in loss. Now, of course, under Blockberger, all we need is that one of the two statutes, one of the two sets of convictions has a different element. So I don't think the partial overlap theory holds water. But we don't even need to get there because the theft charge, the state's attempt to avoid double jeopardy by saying that the addition of the floor of $4,000 in the indictment created an additional element is unavailing here. And that is because, first of all, that's most likely not an element but is part of the sentencing classification scheme. But second of all, even if it might be, here it is not because the trial court constructively amended that indictment and removed that floor in the instructions to the jury. So the theft charge went to the jury and all they had to find was theft of any amount. The range they were given was... I understand your argument that for purposes of Blockberger, they're the same offense because of the elements test. But there's two ways you can be a different offense. One is there are different elements under Blockberger. And second, it's the same elements but applied to different conduct. So, you know, two bank robberies on separate days are two, even though the elements of bank robbery are the same. And so the question I have is even if they're the same for purposes of Blockberger, why isn't the fact that there are enough cards to go around between the charges, they're not being applied to the same conduct, so there's no double jeopardy? Well, Your Honor, that would depend upon, as we discuss in the reply brief, basically a sanctioning of the duplicity problem in the charging. And also, I would require vacature of all the charges to go back to the jury for a finding because they were argued to find that result on the basis of 29 gift cards. To now say that, oh, it's okay, you can take any subset of those gift cards, allows for the court to essentially step in and take the role of the jury post hoc and determine that they had sufficient facts to find guilt, even though it was duplicitous charging. And as we argue, I'm sorry, I'm not very articulate with that, but as we argue in the reply brief, that is essentially rewarding the state for a duplicitous charging practice. Counsel, if we agree with your argument, are we to vacate Counts 6, 8, 14, 23, and 24, or are we to send the whole thing back for retrial? What's the remedy? Your Honor, the remedy would be to vacate the multiplicitous counts and... And that would be the counts under 13-2102? Yes, Your Honor, we acknowledge that that would be the traditional route to take in such a case. Okay, and do I have those counts correct, 6, 8, 14, 23, 24? Yes, Your Honor. Okay. Thank you. I will reserve my remaining seconds. We'll actually give you two minutes for rebuttal. Thank you, Your Honor. Good morning, and may it please the Court, Casey Ball, Assistant Attorney General, here on behalf of respondents. I'd like to start with the ad pedeference and acknowledge that, yes, this was not in our briefing, and I apologize for that. As the Court recognized, ad pedeference is not a waivable issue. It's a statutory standard of review. And if the decision by the Arizona Court of Appeals resolved the issue on the merits, then ad pedeference applies. And in reviewing the Court of Appeals decision and Johnson v. Williams, this is a merits determination. As I believe it was Judge Collins was mentioning, this was a fleeting reference to the issue that's before the Court now. In the opening brief, it was one line. And so when the Court of Appeals addressed this in paragraph one of their decision, they characterized Merrick's arguments and say, he argues that his convictions for theft of a credit card should be vacated because the charges are multiplicitous. It doesn't go into great detail on what the particular claims that Merrick is raising. It then addresses the two claims that he addressed in full in this brief a little bit more full-throatedly, but then ultimately affirms the convictions at issue now before this Court. Recently, this Court, just last month in Pat Salas v. Shin, addressed a similar issue where the state courts addressed in part and then was essentially silent in part on a claim. And in Pat Salas, the defendant was arguing that all of his convictions were cumulatively disproportionate to the acts. And the state court had addressed each one individually and did not address his argument that they should be aggregated before considering the Eighth Amendment claim. So how are we supposed to... Let's assume that we've got Ed Perdeference. Now, there's sort of two routes then that Merrick can run. He can run either a challenge to the facts or he can run a challenge to the law. That is, that it violates clearly established Supreme Court law or it's an unreasonable determination of the facts. So how do we even judge the Arizona Court of Appeals on either of those bases? So what are we supposed to make up here? So for what the merits determination would be? Yeah. I'd look to paragraph 10 where we have a very similar, factually similar issue where he raised a multiplicity claim on counts 23 and 24. Count 23 had five gift cards. Count 24 had one gift card that was also included in count 23. The Court of Appeals says, look, you've got four distinct fraudulent gift cards that support that conviction. You can excise the one that overlaps with count 24. This is basically the same analysis that we're using for comparing count 2 and all of these, the 6, 8, 14, 24. But there isn't any such declaration by the Arizona Court of Appeals. So this is your partial overlap theory. That is that we have sufficient... We can knock out the gift cards involved in count 6, 8, 14, 23, and 24. Still have enough gift cards. But we have to make up... We have to make up findings of fact for the Arizona Court of Appeals, which itself would have to make up facts that are not in the record. There's nothing in the record that would support such a finding. So there's nothing in the record that would support... There's theory. But there's no... But there are no findings that would support that. Under the basis of the jury instructions, on the basis of the jury findings, that would suggest that the jury came back and said, we're not going to tell you which cards it was, but we found a minimum of 4,000. Well, that might have given us something. But they come back and said, wait, it's between 4,000 and 25,000. And that means it could be everything. It could be everything. But they only needed to get to the 4,000. Right. But if we have to supply the argument for the Arizona Court of Appeals, the only way we can do that is by making up facts about what the jury determined. Well, and this is, I think, getting back to Blockberger, the whole point of a multiplicity claim is that the charges, or the convictions, have to arise out of the same act, as Judge Collins was asking. If you've got two separate acts that these convictions are arising out of, we don't have a multiplicity issue. Blockberger doesn't even come into the mix if Conviction 1 and Conviction 2 are for two separate gift cards. Okay, you just shifted your argument in response to my question. That's fine if you want to shift your argument. But you did shift your argument. And if you want to talk about that, let's talk about that. Explain to me now why these are not multiplicities. So, getting back to your question, then, part of the way the court can look at it is how the parties argued it to the jury. So, the prosecutor did argue all 29 gift cards go to the theft count. He added them up and said it's 14,500. The defense to all of the gift cards was, I didn't have knowledge they were stolen. It was a unified defense as to all. I'm completely innocent. And so, it was a unified defense to all of them. It wasn't like I knew some of them were fraudulent, some were not, or some of them I didn't possess, and some I didn't. So, duplicity is not an issue in this case. Under a duplicitous charge argument, if there's no risk of a non-unanimous verdict based on separate defenses, then... Which means that since they found it on the count two, if they found all, that would be $14,500, in which case, why isn't Merrick's argument good that counts 6, 8, 14, 23, and 24 are now multiplicitous? Because the jury only needed to get to 4,000. I understand that, counsel, but you just argued that it was an all-or-nothing proposition. Correct. That means that we get $14,500, which means that the cards considered in counts 6, 8, 14, 23, and 24 are included there. Correct. But to have a multiplicity issue that results in a vacated conviction, the convictions themselves have to be multiplicitous. The finding is $4,000, not $14,500. There are sufficient remaining cards that are separate from the convictions in 6, 8, 14, 23, and 24 to get to that $4,000 amount. If the jury had come back with a specific finding of $14,500, we might have a problem. But it's just $14,000, or $4,000. To $25,000. To $25,000. Right. So we don't know how many they found, and we don't know which ones they found. But if the jury came back and said, we found 4,000, and it is the following cards, and those cards were the ones that were in counts 6, 8, 14, 23, and 24, you'd be in deep trouble, wouldn't you? That would be a problem. Okay, but now how do we make up that? You're asking us to make up stuff that might have occurred, but that neither the Arizona Court of Appeals nor we have any basis for assuming. It's just theory. It's theory, but it comes back to that multiplicity only occurs if it's the same act. The jury here, based on the verdict of $4,000 to $25,000. How do we know it's not the same act? Because it was basically an all or nothing argument, so there are... That means it's $14,500, counsel, which means it was. Which means that there are still 21 cards remaining. If it's an all or nothing, there are still 21 cards remaining that the jury found he possessed. So the eight offending cards can be excised, and you still have the 4,000 that you need to uphold the conviction on count two. Now, in the event that this court finds that the convictions are multiplicitous, as opposing counsel mentioned, the remedy would be to vacate 6, 8, 14, 23, and 24. They carry the lesser sentence. The state had met its burden of proof on count two, and it would be incongruous to allow Merrick to benefit from this defect and escape the harsher penalty from count two. I'm just curious, counsel, I'm more familiar with the federal sentencing system. Under your state's sentencing system, if this case were to go back, what is the effective relief that the defendant would receive? On the federal side, you might get some of your special assessment back, but really there probably would be no difference in the sentence. How about here? Practically, there's no difference. I think count two carried a sentence of like 35 years. He's 25. So practically, he'll still be in prison. They'd vacate count 6, 8, 14, 23, and 24 if there were any associated penalties. He'd get those back. But the sentence here was not consecutive, correct? It was concurrent? They were all concurrent, yeah. Okay. So practically, nothing's going to happen there. Under State v. Carter, and then State v., I think it was Peel is the one I cited, the harsher penalty is the one that remains. Unless this court has other questions. You asked that you would affirm the district court's Thank you. Thank you, Counsel. You got two minutes. Thank you, Your Honors. I did just want to highlight, contrary to the State's characterization of it, Mr. Merrick did not raise his argument to the Arizona Court of Appeals in a single sentence. Volume 2 of the excerpt of the record, pages 220 to 221, show the argument. It begins with one sentence, setting forth the multiplicity argument between the credit card theft convictions and the theft conviction. Then it skips a line, and then it goes on to talk about the law involved there. So it's not brilliantly presented, but it's fully presented. And I did want to also go back to the line of questioning Judge Bybee was raising, and say to the court, even if we are insisting that review is de novo, review is de novo, but even if review were under ad podeferens, Mr. Merrick should still be granted relief. Counsel, what's your response to the State's argument that each side, both the State and Merrick, made an all-or-nothing pitch to the jury? You either had 29 cards that were purloined here, or you had zero cards. There's really no in-between. You're not going to say, well, this card, they did this card, but not that card. As a factual matter, Your Honor, going back to the State trial record, the State argued these multiple cards, these multiple instances, et cetera, the defense theory was that Merrick was not involved. So that was sort of an all-or-nothing defense? Yes. But it would be a violation of double jeopardy under ADPA, just to wrap up with that, because even if there were determination, which, as has been pointed out, there wasn't, it would necessarily be unreasonable, an unreasonable application of the double jeopardy clause here because he was so plainly convicted for the same acts, for the same offenses, and to be convicted multiple times for the same act violates that clause. Anything further? Thank you. Thank you. Thank you to both of you for your argument and briefing this case, this matter submitted.
judges: BYBEE, OWENS, COLLINS